**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10466 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00226-JAM-1 |
| v. | |
| RACHEL SIDERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 12, 2017[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and REINHARDT and O'MALLEY,[***] Circuit Judges.

Rachel Siders appeals her jury conviction for bank fraud (18 U.S.C. § 1344), making a false statement to a federally insured bank (18 U.S.C. § 1014), and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathleen M. O'Malley, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

aggravated identity theft (18 U.S.C. § 1028A(a)(1)), in connection with a mortgage fraud/identity theft scheme against two banks. We affirm Siders's convictions and sentence.

## I

Because we write only for the parties, we assume familiarity with the facts and prior proceedings. On appeal, Siders only raises two challenges to her conviction: she contends that the district court erred by admitting allegedly fraudulent loan files into evidence as business records under Federal Rule of Evidence 803(6), and that the district court abused its discretion by concluding that these loan files were admissible based on the corporate custodian certificates proffered under Federal Rule of Evidence 902(11). More specifically, Siders objects to the admission of the loan files for a home equity line of credit ("HELOC") for certain Highland Park Drive and Mariposa Avenue properties. Siders's conviction was predicated on only the loan files for Highland Park Drive, however, as the jury deadlocked on the counts related to Mariposa Avenue. Because Siders does not contend that admission of the latter loan files impacted her conviction with respect to the Highland Park Drive property—by unduly prejudicing the jury or otherwise—any error regarding the Mariposa Drive loan files would be harmless. *United States v. Chase*, 340 F.3d 978, 993 (9th Cir.

2003). We therefore only consider Siders's challenge to admission of the Highland Park Drive loan files.

## II

The government filed a motion in limine under Rule 902 requesting an early ruling from the district court on the admissibility of certain documents in the case, including the loan files that contained the allegedly fraudulent documents used to obtain the HELOCs at issue. The government offered various Rule 902(11) declarations from the corporate custodian of the allegedly fraudulent records in support of its claim that the files were business records under Rule 803(6). On the first day of trial, the district court granted the motion in limine, concluding that the Rule 902(11) certificates properly authenticated the documents as non-hearsay business records. Siders appeals this determination.

## III

We review a district court's decision to admit evidence under an exception to the hearsay rule for abuse of discretion. *United States v. McFall*, 558 F.3d 951, 960 (9th Cir. 2009). Interpretation of the Federal Rules of Evidence is reviewed de novo. *See United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011). There was no reversible error if the records were admissible under any provision. *United States v. Weiland*, 420 F.3d 1062, 1073 n.8 (9th Cir. 2005).

Rule 803(6) sets forth an exception to the hearsay rule for "business records" as follows:

> (6) Records of a regularly conducted activity. A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803. Rule 902 outlines certain items of evidence that are self-authenticating and do not require the testimony of a foundation witness. Those items include:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

4

IV

The district court did not abuse its discretion in admitting the Highland Park Drive loan files. These files recorded false statements Siders and her co-conspirators made in furtherance of their scheme to commit mortgage fraud and identity theft.

Siders has three objections to the government's reliance on the loan documents: (1) that the Rule 902(11) certifications were by records custodians who lacked familiarity with the creation and preservation of the documents; (2) that the documents were actually created by her co-conspirators and not employees acting in the normal course of business; and (3) because the information in the loan files was false information, they lacked the authenticity necessary to make them reliable as business records. We reject all three contentions.

As to Siders's first argument, while Washington Mutual issued the original loans, the declaration from JPMorgan Chase's records custodian sufficed under Rule 902(11) because JPMorgan Chase is the corporate successor to Washington Mutual. The declaration also satisfied the requirements of Rule 803(6): the declaration established that the applications were received in the course of loan processing and maintained thereafter, and this occurred in the regular course of business. One entity may receive and maintain documents in the regular course of

business, even if the documents were created by third parties. *United States v. Childs*, 5 F.3d 1328, 1333–34 (9th Cir. 1993).

As to Siders's second point, it is irrelevant that certain documents were prepared by Siders's co-conspirators as long as they were received by those processing the mortgages in the regular course of business. Preparation of the records was authenticated, moreover, by the individual testimony of the co-conspirators themselves, who had first-hand knowledge of their preparation.

Finally, we disagree with Siders's contention that records containing false statements cannot be business records under Rule 803(6). The content of a record does not impact the way in which it was received, processed, or maintained. And the statements in the records that the government alleges were false were not offered for the truth of the matters asserted—they were proffered *precisely because* they were false. *United States v. Ray*, 930 F.2d 1368, 1370 n.6 (9th Cir. 1990) ("Nonhearsay statements recorded in a business record need not have been made under a business duty to be admissible." (citation omitted)); *United States v. Layton*, 855 F.2d 1388, 1400 (9th Cir. 1988) ("Rule 801(d)(2)(E) applies to statements made during the course and in furtherance of any enterprise, whether legal or illegal, in which the declarant and the defendant jointly participated."), *overruled on other grounds*, *People of Territory of Guam v. Ignacio*, 10 F.3d 608, 612 n.2 (9th Cir. 1993).

## V

For these reasons, we conclude the district court did not err in admitting the Highland Park Drive loan records into evidence. As Siders has raised no other challenges to her convictions and sentence, those decisions are **AFFIRMED**.